NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-1354

COMMONWEALTH

vs.

DARWIN E. JONES.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant, Darwin Jones, was charged with two counts of assault and battery by means of a dangerous weapon, G. L. c. 265, § 15A (b).  The first count charged the defendant with using a wooden post, and the second count charged him with using a shod foot.  Following a trial in the Boston Municipal Court, a jury found the defendant guilty of the wooden post charge and not guilty of the shod foot charge.  On appeal, the defendant argues that (1) there was insufficient evidence for the judge to instruct the jury on aiding or abetting (also referred to as joint venture) and (2) the instruction on aiding or abetting

_____

[1] In affidavits and other filings, the defendant has spelled his name "Darwyn Jones."  As is our custom, we spell the defendant's name as it was spelled in the complaint.

created a substantial risk of a miscarriage of justice because it did not state that the jury had to find that the defendant had knowledge that the principal was armed.  We affirm.

Background.  We summarize the evidence, and the reasonable inferences to be drawn therefrom, in the light most favorable to the Commonwealth.  See Commonwealth v. Latimore, 378 Mass. 671, 676-677 (1979).  On June 5, 2018, the victim was walking down the street when he heard a voice say "excuse me."  After the victim turned and saw a child, the child ran away and two or three men began to assault him.  A woman who lived across the street heard the commotion, went to her porch, and saw the victim lying on the ground.  A man standing next to the victim shouted out, "He kidnapped my daughter," and walked away.  The police recovered three wooden posts from the scene.[2]  A police criminalist testified that the deoxyribonucleic acid (DNA) profile of blood found on one of the wooden posts was consistent with a mixture of blood from two people:  the victim and the defendant.

After reviewing video footage from a nearby convenience store, a police officer interviewed three individuals whom he

_____

    [2] At various points throughout the trial, the wooden objects recovered from the scene were referred to as "posts," "spindles," and "sticks."  We use the generic term "wooden post" for sake of clarity.

2

recognized from the footage, including the defendant.  The defendant acknowledged that he had been involved in the incident and told the officer that it "had something to do with his daughter."  He agreed to discuss the incident further with the officer.  At the police station, the defendant told the police that he had been at the scene of the assault but was not involved in the stomping of the victim because others were already attacking him.  The defendant stated that he did not care about the identities of the people who stomped the victim because "this dude tried to abduct my daughter.  Right?  I don't have to touch this dude . . . .  I got so many friends that . . . love me, I don't have to touch this dude.  I don't have to do nothing to him."  While the defendant stated that he did not kick the victim, he admitted to hitting the victim, trying to knock the phone out of his hand, and trying to pick up a sign to use to attack the victim.  The defendant also told the police where the wooden posts used in the attack came from.

Discussion.  1.  The judge's instruction on aiding or abetting.  The defendant claims that the judge erred in instructing the jury on aiding or abetting because there was no evidence of a joint venture.  After denying the defendant's motion for a required finding of not guilty, the judge instructed the jury on the elements of assault and battery by

3

means of a dangerous weapon.  See Commonwealth v. Leonard, 90 Mass. App. Ct. 187, 190 (2016) ("The crime of assault and battery by means of a dangerous weapon, in violation of G. L. c. 265, § 15A, requires proof of three elements:  (1) the presence of all the elements of assault, and (2) a touching, however slight, (3) by means of a dangerous weapon").  Over the defendant's objection, the judge also instructed the jury on aiding or abetting, stating:

> "Where there is evidence that more than one person may have participated in the commission of a crime, the Commonwealth must prove two things beyond a reasonable doubt:  First: that the defendant knowingly and intentionally participated in some meaningful way in the commission of the alleged offense, either alone or with others; [s]econd:  that the defendant did so with the intent required for that offense."

See Criminal Model Jury Instructions for Use in the District Court, Instruction 4.200 (aiding or abetting) (2024); Commonwealth v. Zanetti, 454 Mass. 449, 467-468 (2009).

"An instruction 'is proper if it is supported by any hypothesis of the evidence.'"  Commonwealth v. Colton, 477 Mass. 1, 11 (2017), quoting Commonwealth v. Silanskas, 433 Mass. 678, 689 (2001).  To establish a joint venture, the Commonwealth must prove beyond a reasonable doubt that the defendant "knowingly participated in the commission of the crime charged, alone or with others, with the intent required for that offense." Zanetti, 454 Mass. at 467-468.  See id. at 470 (Appendix).

4

Examining the evidence in the light most favorable to the Commonwealth, see Latimore, 378 Mass. at 676-677, we find it more than sufficient to support a finding that the defendant knowingly participated in the assault and battery, alone or with others, by means of a wooden post. The defendant acknowledged his presence at the scene and participation in the assault and battery. He told the police that others took part in the attack because "I got so many friends . . . that love me . . . I don't have to do nothing to him." He admitted to assaulting the victim, and both his blood and the victim's blood were found on a wooden post recovered from the scene.

The defendant contends that even though the evidence was "certainly sufficient under a principal theory of assault and battery [with a] dangerous weapon, it does not remedy the lack of joint venture evidence produced at trial and resulting risk that [the defendant] was convicted based on that joint venture theory which was not supported by the evidence." In cases where there is "differing evidence that the defendant committed the crime as a principal or as an accomplice," however, we do not "examine the sufficiency of the evidence separately as to principal and joint venture liability." Zanetti, 454 Mass. at 468. Instead, we "examine whether the evidence is sufficient to permit a rational juror to conclude beyond a reasonable doubt

5

that the defendant knowingly participated in the commission of the crime charged, with the intent required to commit the crime." Id. See Commonwealth v. Bonner, 489 Mass. 268, 277 (2022) ("The Commonwealth need not establish a defendant's precise role in the crime, i.e., whether the defendant acted as a principal or as an accomplice. '[W]hat matters is only that there be proof of . . . the defendant's knowing participation in some manner in the commission of the offense'" [citations omitted]).[3] For the reasons set forth above, the judge did not err in instructing the jury on aiding or abetting, see Colton, 477 Mass. at 12; Commonwealth v. Smith, 460 Mass. 385, 389-390 (2011), and there was ample evidence for the jury to find beyond a reasonable doubt that the defendant "knowingly participated in the commission of the crime charged, alone or with others, with the intent required for that offense." Zanetti, supra at 468.

2. Knowledge that the principal used a wooden post. The defendant also contends that the judge erred by not instructing

---

[3] Although the defendant contends that "[e]ach theory of guilt the jury is instructed on must be supported by sufficient evidence to prove it beyond a reasonable doubt," we have rejected the argument that "principal liability and joint venture liability are alternate theories of guilt." See Commonwealth v. Gonzalez, 99 Mass. App. Ct. 161, 171 (2021). See also Commonwealth v. Fluellen, 456 Mass. 517, 522 (2010) ("[J]oint venture is neither a crime nor an element of a crime. Rather, a joint venturer is liable for his participation in the underlying substantive offense").

6

the jury that, with respect to aiding or abetting, they "were required to find that the [defendant] knew that the principal was armed with a wooden post."  Because defense counsel did not request this instruction nor object to it not being given, we review to consider whether the error, if any, created a substantial risk of a miscarriage of justice.  See Commonwealth v. Duncan, 100 Mass. App. Ct. 635, 640 (2022).

Since Zanetti, "the Supreme Judicial Court has made clear that it remains the law that 'knowledge of a weapon is an element of the Commonwealth's proof when a defendant is prosecuted on a theory of joint venture where an element of the predicate offense is use or possession of a dangerous weapon.'" Commonwealth v. Gorman, 84 Mass. App. Ct. 482, 489 (2013), quoting Commonwealth v. Britt, 465 Mass. 87, 99 (2013).  Use of "a dangerous weapon" is an element under G. L. c. 265, § 15A (b).  See Appleby, 380 Mass. at 308; Gorman, supra at 489.  Thus, even though the judge's aiding or abetting instruction properly informed the jury that the defendant had to share the intent to commit assault,[4] "it would have been better if the

---

[4] The judge instructed the jury that, to establish the element of intent under G. L. c. 265, § 15A (b), the Commonwealth had to prove that "the defendant intended to touch the alleged victim in the sense that the defendant consciously and deliberately intended the touching to occur and that the touching was not merely accidental or negligent."

7

judge had specifically stated that the jury had to find the defendant knew that some other individual was armed with a dangerous weapon."  See Commonwealth v. Palmer, 59 Mass. App. Ct. 415, 424 (2003).  Accord Gorman, supra at 490-491. Nevertheless, we are satisfied that the judge's failure to give this instruction did not create a substantial risk of a miscarriage of justice.  As in Palmer, "the words used by the judge conveyed the substance of that idea."  Palmer, supra.  The aiding or abetting instruction emphasized not only that the defendant had to share the intent required for the offense, but also (1) that the defendant "knowingly participated in the commission of the crime charged, . . . one count of assault and battery with a dangerous weapon with a wooden post," and (2) that the defendant's intent could be inferred "from his knowledge of the circumstances or any subsequent participation in the crime."  See Commonwealth v. Dosouto, 82 Mass. App. Ct. 474, 481 (2012), quoting Palmer, supra.  Furthermore, as discussed, there was overwhelming evidence of the defendant's knowing participation in the offense, including his knowledge of the origin of the wooden posts that were used to assault the victim and the presence of his blood on one of them.  In the end, we are left with no "uncertainty that the defendant's guilt has been fairly adjudicated" (citation omitted).  Commonwealth

8

v. Azar, 435 Mass. 675, 687 (2002).  See Dosouto, supra at 481;
Palmer, supra at 424-426.

Judgment affirmed.

By the Court (Meade,
  Hodgens & Toone, JJ.[5]),

Clerk

Entered:  May 27, 2025.

---

[5] The panelists are listed in order of seniority.

9